■ MARIETTA W. BREWSTER, Appellant, v ALAN J. LACY et al., Respondents. [805 NYS2d 56]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 1, 2004, dismissing the complaint pursuant to an order, same court and Justice, entered June 22, 2004, which, in a derivative action, granted defendants' motion to dismiss the complaint for failure to allege a pre-suit demand, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The complaint, liberally construed, fails to allege facts sufficient to show that a pre-suit demand would have been futile (Business Corporation Law § 626 [c]; *see Barr v Wackman*, 36 NY2d 371, 381 [1975]). The complaint is devoid of particularized nonconclusory allegations that defendants were unaware of details of the challenged accounting methodology for bad credit card debt, or of the problems it allegedly entailed, or failed to keep themselves informed of such matters. In fact, the complaint alleges that, in general, defendants had been kept informed of the new business in the company's credit card division (*see Marx v Akers*, 88 NY2d 189, 200 [1996]). Nor are there nonconclusory allegations of egregious wrongdoing, rather than the exercise of business judgment, in adopting a policy that balanced the risk of extending credit to possibly less creditworthy low and middle class customers against the possibility of a tremendous added volume of financing fees and vendor fees previously unavailable when Sears was issuing only its proprietary store card (*see id.* at 200-201). In the latter regard, the motion court aptly distinguished *In re Abbott Labs. Derivative Shareholders Litig.* (325 F3d 795 [2003]), relied on by plaintiff, on the ground that the board members in that case were clearly

aware of alleged practices, including illegal ones, that were complained of over a lengthy period, and consciously chose to refrain from taking action over an inordinate amount of time (*see Fink v Weill*, 2005 WL 2298224, *3 n 6, 2005 US Dist LEXIS 20659, *11 n 6 [ED NY Sept. 19, 2005]; *In re Mutual Funds Inv. Litig.*, 384 F Supp 2d 873, 879-880 [2005]; *Caviness v Evans*, 229 FRD 354, 360 [2005]). In view of the foregoing, it is unnecessary to address the other grounds urged for affirmance, and we decline to do so. Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.